| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------<br>SOMERS LAND TRUST, INC., and<br>RIVERKEEPER, INC., | **Jury Trial Demanded** |
| Plaintiffs, | |
| -against- | **ANSWER** |
| WILLOW WOOD COUNTRY CLUB, | Case No.<br>7:25-cv-9879 |
| Defendant.<br>------------------------------------------------------------------- | |

The defendant, WILLOW WOOD COUNTRY CLUB, INC., above named, by its attorney, GEORGE J. CALCAGNINI, as and for its answer to the complaint herein, alleges as follows:

1. Denies each and every allegation contained in the paragraphs of the complaint designated 1, 3, 4, 5, 6, 7, 24, 35, 36, 37, 46, 47, 48, 49, 50, 51, 53, 54, 65, 66, 67, 68, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 92,93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 105, 106, 107, 108, 109, 110 and 111.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated 2, 8, 10, 11, 13, 14, 15, 16, 18, 19, 28, 34, 38, 39, 53, 54, 55, 60, 68 and 69.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the complaint designated 9, but admit receipt of the letter annexed to the complaint as Exhibit A.

4. Admits the allegations contained in the paragraph of the complaint designated 12 to the extent that neither the United States nor the State of New York is prosecuting an civil or criminal action against the Defendant, but further allege that there

is no basis for any such prosecution.

      5. Denies each and every allegation contained in the paragraphs of the complaint designated 17 and 44 and further allege that the Defendant WILLOW WOOD COUNTRY CLUB is a membership corporation duly organized and existing under and by virtue of the laws of the State o New York and is now governed by the Not-For-Profit Corporation Law, which owns the real property located at 551 Union Valley Road in the Town of Carmel, County of Putnam and State of New York and operated trap fields, a five stand field and a sporting clays course, among other things at said real property.

      6. Denies each and every allegation contained in the paragraphs of the complaint designated 20, 21, 23, 56, 57, 58 and 59 and further allege that the area where the "ammunition", soil and water samples were taken was not the property of the Plaintiff Somers Land Trust (hereinafter referred to as "SLT") but rather was the property of the Defendant on which the lead shot is being actively managed with the intent to reclaim the lead. Defendant further alleges that the property of Plaintiff SLT is not residential property, but rather is vacant swamp land.

      7. Denies each and every allegation contained in the paragraph of the complaint designated 22, but deny knowing what the Plaintiffs are referring to when they refer to the "local watershed".

      8. Denies each and every allegation contained in the paragraphs of the complaint designated 26, 27, 29, 30, 31, 32, 33, 40, 41, 42, 43 and 52 and refer to the statutes and regulations cited therein for the full and complete terms thereof.

9. Denies each and every allegation contained in the paragraph of the complaint designated 45, but admits that the Defendant controls the shooting activity that takes place on the trap and five stand fields.

10. Denies each and every allegation contained in the paragraph of the complaint designated 61 and further alleges that that the lead on Plaintiff's property is actively being managed with the intent to reclaim and recycle it in the future.

11. Denies the allegations contained in the paragraph of the complaint designated 63 but admit that Defendant has not obtained a NPDES or SPDES permit, but further alleges that an NPDES or SPDES permit is not required and shooting from stations on the trap and/or five stand fields does not constitute the discharge of pollutants and the shooting stations are not "point sources".

12. Denies the allegations contained in the paragraph of the complaint designated 64 but admit that Defendant has not obtained a hazardous waste permit, but further alleges that a hazardous waste permit is not required and the lead discharged by members of Defendant does not constitute a hazardous waste.

13. With respect to paragraphs 70, 90 and 104 of the complaint, the Defendant repeates and realleges the denials previously asserted herein.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated 71, 72, 73, 74, 75, 76, 77 and 91 and refer to the cited statutes and regulations for the full and complete terms.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. The only stream on the Defendant's property is an intermittent stream in front of Defendant's trap and five stand fields. Said stream dries up in the month of August and becomes a series of puddles and does not support any fish life.

16. In order to constitute waters of the United States there must be a continuous uninterrupted surface connection of water from the wetlands to a navigable body of water.

17. There is no continuous uninterrupted surface connection of water from the wetlands on Defendant's property to a navigable body of water.

18. No portion of Defendant's property constitutes waters of the United States.

19. By virtue of the foregoing, the Clean Water Act is not applicable to the Defendant or its property.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. The lead that is discharged from shotguns at the Defendant's trap and five stand fields is used for its intended purpose and therefore is not a pollutant or a hazardous waste.

21. The lead that is on the ground at the Defendant's property is currently managed with AgriCal (a calcium based product) and previously was managed with Lime in order to maintain a neutral PH of the soil.

22. Lead is inert and will not break down and migrate into the environment if it is maintained in a neutral PH.

23. By virtue of the lead at Willow Wood being maintained at a neutral PH, the lead at Willow Wood is not a pollutant.

24. It is the intention of the Defendant to reclaim the lead at its property and in fact has an application pending before the New York State Department of Enviornmental Conservation to go into the wetland and reclaim the lead and to install a shot curtain with a berm and a collection trough to capture and collect all future lead fired from the trap and five stand fields. Said application was filed with the DEC on or about December 31, 2024 seeking a permit to reclaim the lead from the wetlands and to erect a shot curtain with a berm and trough below it to capture the lead, so no lead will enter the wetlands soil in the future.

25. By virtue of the foregoing the lead on the Defendant's property is not abandoned and rather is being actively managed in order to collect and recycle the lead, which is a valuable and finite resource.

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

26. The real property owned by the Plaintiff SLT referred to in the complaint is known as 85 Warren Street located in the Town of Somers, County of Westchester and State of New York.

27. Upon information and belief, the Plaintiff SLT received title to the said property located at 85 Warren Street as a gift by deed dated December 8, 2020.

28. Upon information and belief, the Plaintiff SLT took title to the property in "As Is" condition.

23. By virtue of the foregoing, the Plaintiff SLT took title to the property subject to any lead that had previously been deposited on said property.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. The deed conveying property to the Plaintiff SLT is limited to land in the Town of Somers, County of Westchester and State of work.

30. The area where the Plaintiff alleges it collected lead shot from its property was in fact north Westchester County and into Town of Carmel, County of Putnam, and therefore not land owned by the Plaintiff SLT.

31. By virtue of the foregoing the lead shot was not deposited onto the property owned by Plaintiff SLT.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. In the unlikely event that any lead was deposited onto the property of the Plaintiff SLT, it was deposited there more than five years prior to the commencement of this action.

33. The complaint is barred by the statute of limitations and/or laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34. The complaint is barred by the statute of limitations and/or laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35. On or about June 23, 2023 the Plaintiff SLT commenced an Article 78 proceeding In the Supreme Court of the State of New York, County of Putnam, entitled Somers Land Trust, Petitioner, against Town of Carmel Planning Board and Willow Wood Country Club, Index No. 500920-2023 (hereinafter referred to as the "Prior Action"). The factual arguments advanced by the Plaintiff SLT in said Prior Action closely mirror the factual contentions of the Plaintiffs in the present action.

36. The Prior Action was dismissed by the decision, order and judgment of the Hon. Victor Grossman, Justice, dated April 2, 2024.

37. The Plaintiff SLT is guilty of attempting to split its claims into multiple litigations.3

38. This action by the Plaintiff SLT is barred by the rules against splitting a cause of action.

39. This action by the Plaintiff SLT is barred by collateral estoppel, res judicata and/or claim preclusion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40. The claims asserted herein arise out of the same facts and transactions as were at issue in the above mentioned Prior Action.

41. In New York State courts, a party is required to bring all of its claims arising out of a transaction in a single complaint.

42. By virtue of the rule against splitting a cause of action, the Plaintiff

SLT is now precluded from maintaining the present action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

43. The damages, if any, sustained by the Plaintiffs were caused in whole or in part by the culpable conduct and/or negligent acts and/or omissions of the Plaintiffs.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

44. The Plaintiffs failed to mitigate their damages, if any.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

45. The Plaintiff RIVERKEEPER, INC. (hereinafter referred to as "Riverkeeper" lacks standing to maintain this action.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

46. The complaint or some causes of action contained therein fail to state a claim for which relief can be granted against the Defendant.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

47. Upon information and belief, the lead shot that was collected and photographed by Defendants was placed there by others, not Defendant, because it appears to be hunting ammunition, not target ammunition, and was alleged to have been found a distance of 700 feet from the Defendant's trap and five stand fields and target ammunition does not travel that far.

## JURY DEMAND

48. The Defendant hereby demands a trial by jury herein.

WHEREFORE, the Defendant demands judgment against the Plaintiffs as follows:

1. Dismissing the complaint in all respects together with the costs and disbursements of this action; and

2. Granting the Defendant such other, further and different relief as may be just and proper.

Dated: January 7, 2026

_____
GEORGE J. CALCAGNINI
Attorney for Defendant (GC 9139)
Office and P.O. Address
376 Route 202
Somers, New York  10589
(914) 277-2255
GCalcagnin@aol.com

To: TODD D. OMMEN
Attorney for Plaintiffs
Pace Environmental Litigation Clinic
78 N. Broadway
White Plains, NY  10603