| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **Jury Trial Demanded** |

------------------------------------------------------------------

SOMERS LAND TRUST, INC., and
RIVERKEEPER, INC.,

                              Plaintiffs,          **AMENDED ANSWER**
                                                    **WITH COUNTERCLAIMS**

    -against-

                                                                  Case No. 7:25-cv-9879

WILLOW WOOD COUNTRY CLUB,

                              Defendant.

------------------------------------------------------------------

        The defendant, WILLOW WOOD COUNTRY CLUB, INC., above named, by its attorney, GEORGE J. CALCAGNINI, as and for its amended answer with counterclaims to the complaint herein, alleges as follows:

        1.  Denies each and every allegation contained in the paragraphs of the complaint designated 1, 3, 4, 5, 6, 7, 24, 35, 36, 37, 46, 47, 48, 49, 50, 51, 53, 54, 65, 66, 67, 68, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 92,93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 105, 106, 107, 108, 109, 110 and 111.

        2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated 2, 8, 10, 11, 13, 14, 15, 16, 18, 19, 28, 34, 38, 39, 53, 54, 55, 60, 68 and 69.

        3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the complaint designated 9, but admit receipt of the letter annexed to the complaint as Exhibit A.

        4.  Admits the allegations contained in the paragraph of the complaint designated 12 to the extent that neither the United States nor the State of New York is prosecuting an civil or criminal action against the Defendant, but further allege that there

is no basis for any such prosecution.

5. Denies each and every allegation contained in the paragraphs of the complaint designated 17 and 44 and further allege that the Defendant WILLOW WOOD COUNTRY CLUB is a membership corporation duly organized and existing under and by virtue of the laws of the State o New York and is now governed by the Not-For-Profit Corporation Law, which owns the real property located at 551 Union Valley Road in the Town of Carmel, County of Putnam and State of New York and operated trap fields, a five stand field and a sporting clays course, among other things at said real property.

6. Denies each and every allegation contained in the paragraphs of the complaint designated 20, 21, 23, 56, 57, 58 and 59 and further allege that the area where the "ammunition", soil and water samples were taken was not the property of the Plaintiff Somers Land Trust (hereinafter referred to as "SLT") but rather was the property of the Defendant on which the lead shot is being actively managed with the intent to reclaim the lead. Defendant further alleges that the property of Plaintiff SLT is not residential property, but rather is vacant swamp land.

7. Denies each and every allegation contained in the paragraph of the complaint designated 22, but deny knowing what the Plaintiffs are referring to when they refer to the "local watershed".

8. Denies each and every allegation contained in the paragraphs of the complaint designated 26, 27, 29, 30, 31, 32, 33, 40, 41, 42, 43 and 52 and refer to the statutes and regulations cited therein for the full and complete terms thereof.

9. Denies each and every allegation contained in the paragraph of the complaint designated 45, but admits that the Defendant controls the shooting activity that takes place on the trap and five stand fields.

10. Denies each and every allegation contained in the paragraph of the complaint designated 61 and further alleges that that the lead on Plaintiff's property is actively being managed with the intent to reclaim and recycle it in the future.

11. Denies the allegations contained in the paragraph of the complaint designated 63 but admit that Defendant has not obtained a NPDES or SPDES permit, but further alleges that an NPDES or SPDES permit is not required and shooting from stations on the trap and/or five stand fields does not constitute the discharge of pollutants and the shooting stations are not "point sources".

12. Denies the allegations contained in the paragraph of the complaint designated 64 but admit that Defendant has not obtained a hazardous waste permit, but further alleges that a hazardous waste permit is not required and the lead discharged by members of Defendant does not constitute a hazardous waste.

13. With respect to paragraphs 70, 90 and 104 of the complaint, the Defendant repeates and realleges the denials previously asserted herein.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated 71, 72, 73, 74, 75, 76, 77 and 91 and refer to the cited statutes and regulations for the full and complete terms.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. The only stream on the Defendant's property is an intermittent stream in front of Defendant's trap and five stand fields. Said stream only flows as a result of rain run-off from uphill properties, which rainwater is diverted into ditches alongside of public streets and them emptied out onto the Defendant's property. The said stream dries up during certain months of the year and becomes a series of puddles and does not support any fish life.

16. In order to constitute waters of the United States there must be a continuous uninterrupted surface connection of water from the wetlands to a navigable body of water.

17. There is no continuous uninterrupted surface connection of water from the wetlands on Defendant's property to a navigable body of water.

18. No portion of Defendant's property constitutes waters of the United States.

19. By virtue of the foregoing, the Clean Water Act is not applicable to the Defendant or its property.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. The lead that is discharged from shotguns at the Defendant's trap and five stand fields is used for its intended purpose and therefore is not a pollutant or a hazardous waste.

21. The lead that is on the ground at the Defendant's property is currently managed with AgriCal (a calcium based product) and previously was managed with Lime in order to maintain a neutral PH of the soil.

22. Lead is inert and will not break down and migrate into the environment if it is maintained in a neutral PH.

23. By virtue of the lead at Willow Wood being maintained at a neutral PH, the lead at Willow Wood is not a pollutant.

24. It is the intention of the Defendant to reclaim the lead at its property and in fact has an application pending before the New York State Department of Environmental Conservation to go into the wetland and reclaim the lead and to install a shot curtain with a berm and a collection trough to capture and collect all future lead fired from the trap and five stand fields. Said application was filed with the DEC on or about December 31, 2024 seeking a permit to reclaim the lead from the wetlands and to erect a shot curtain with a berm and trough below it to capture the lead, so no lead will enter the wetlands soil in the future.

25. By virtue of the foregoing the lead on the Defendant's property is not abandoned and rather is being actively managed in order to collect and recycle the lead, which is a valuable and finite resource.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

26. The real property owned by the Plaintiff SLT referred to in the complaint is known as 85 Warren Street located in the Town of Somers, County of Westchester and State of New York.

27. Upon information and belief, the Plaintiff SLT received title to the said property located at 85 Warren Street as a gift by deed dated December 8, 2020.

28. Upon information and belief, the Plaintiff SLT took title to the property in "As Is" condition.

29. By virtue of the foregoing, the Plaintiff SLT took title to the property subject to any lead that had previously been deposited on said property.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

30. The deed conveying property to the Plaintiff SLT is limited to land in the Town of Somers, County of Westchester and State of work.

31. The area where the Plaintiff alleges it collected lead shot from its property was in fact north of the Westchester County line and was actually in the Town of Carmel, County of Putnam, and therefore not on land owned by the Plaintiff SLT.

32. By virtue of the foregoing the lead shot was not deposited onto the property owned by Plaintiff SLT.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33. In the unlikely event that any lead was deposited onto the property of the Plaintiff SLT, it was deposited there more than five years prior to the commencement of this action.

34. The complaint is barred by the statute of limitations and/or laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35. The complaint is barred by the statute of limitations and/or laches.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

36. On or about June 23, 2023 the Plaintiff SLT commenced an Article 78 proceeding In the Supreme Court of the State of New York, County of Putnam, entitled Somers Land Trust, Petitioner, against Town of Carmel Planning Board and Willow Wood Country Club, Index No. 500920-2023 (hereinafter referred to as the "Prior Action"). The factual arguments advanced by the Plaintiff SLT in said Prior Action closely mirror the factual contentions of the Plaintiffs in the present action.

37. The Prior Action was dismissed by the decision, order and judgment of the Hon. Victor Grossman, Justice, dated April 2, 2024.

38. The Plaintiff SLT is guilty of attempting to split its claims into multiple litigations.3

39. This action by the Plaintiff SLT is barred by the rules against splitting a cause of action.

40. This action by the Plaintiff SLT is barred by collateral estoppel, res judicata and/or claim preclusion.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

41. The claims asserted herein arise out of the same facts and transactions as were at issue in the above mentioned Prior Action.

42. In New York State courts, a party is required to bring all of its claims arising out of a transaction in a single complaint.

43. By virtue of the rule against splitting a cause of action, the Plaintiff SLT is now precluded from maintaining the present action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

44. The damages, if any, sustained by the Plaintiffs were caused in whole or in part by the culpable conduct and/or negligent acts and/or omissions of the Plaintiffs.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

45. The Plaintiffs failed to mitigate their damages, if any.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

46. The Plaintiff RIVERKEEPER, INC. (hereinafter referred to as "Riverkeeper" lacks standing to maintain this action.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

47. The complaint or some causes of action contained therein fail to state a claim for which relief can be granted against the Defendant.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

48. Upon information and belief, the lead shot that was collected and photographed by Defendants was placed there by others, not Defendant, because it appears to be hunting ammunition, not target ammunition, and was alleged to have been found a distance of 700 feet from the Defendant's trap and five stand fields and target ammunition does not travel that far.

## AS AND FOR A FIRST COUNTERCLAIM
(Adverse Possession)

49. This counterclaim is brought pursuant to Article 15 of the N.Y. Real Property Actions and Proceedings Law of the State of New York to compel the determination of claims to the property hereinafter described.

50. This Court has subject matter jurisdiction over the parties and this counterclaim pursuant to 28 U.S.C.A. §1367(a).

51. Venue for these counterclaims is proper in the Southern District of New York pursuant to 28 U.S.C.A. §1391(b)(2) because a substantial part of the property that is the subject of this action is situate in this district and pursuant to 28 U.S.C.A. §1391(b)(1) because Defendant resides in the district.

52. Upon information and belief based on historical records, Westchester County was created by the Laws of the Colony of New York in the year 1664.  The northern boundary of Westchester County was established as a straight line extending at a point along the eastern shore of the Hudson River at the High Lands and running from there to a point on the border with the State of Connecticut.  At that time, the county north of Westchester was Dutchess County.

53. Thereafter, by the Laws of New York of 1812, the 35th Session in Chapter 143, Section 1, the New York State Legislature created the County of Putnam by carving it out of the southern portion of Dutchess County, with the southern boundary of the newly created Putnam County being the northern boundary of Westchester County as previously described.  Hereinafter, the line dividing Westchester County from

Putnam County shall be described as the "County Line".

54. By deed dated March 1, 1955 the Defendant (then known as Willow Wood Rifle & Pistol Club, Inc.) acquired title to the 11 acres off land at issue herein, known as 551 Union Valley Road, Mahopac (Town of Carmel) in the County of Putnam, State of New York. Said deed was recorded on March 5, 1955 in the Office of the Putnam County Clerk at Liber 457, page 79. Said land lies to adjacent to the north of the land known as 85 Warren Street, Town of Somers, County of Westchester, State of New York.

55. By deed dated April 4, 1981 the Defendant also acquired an additional approximately 75 acres of land lying adjacent to the west side of the above mentioned land of the Defendant. Said deed was recorded in the Office of the Putnam County Clerk on November 6, 1981 at Liber 780, page 579. A deed to correct technical errors in that deed was executed on November 23, 1982 and recorded in the office of the Putnam County Clerk on November 29, 1982 at Liber 787, page 27.

56. At all times hereinafter mentioned since March 1, 1955 the Defendant was and still is the owner in fee simple absolute of the buildings, shooting ranges and lot lying and being in the Town of Carmel, County of Putnam and State of New York, being the same premises conveyed to defendant by deed dated March 1, 1955, and recorded on March 5, 1955 in the office of the Putnam County Clerk, in Liber 457, page 79, which is known and designated at 551 Union Valley Road, Mahopac, New York.

57. The said real property owned by the Defendant includes all of the land extending to the County Line

58. For a period of more than ten years prior to the commencement of this action, the Defendant has been in continual, uninterrupted occupation and possession of the land adjacent to 85 Warren Street, Somers, New York, north of the County Line.

59. Upon information and belief, the Plaintiff SLT claims title to some portion of Defendant's land lying north of the County Line.

60. Upon information and belief, the real property adjacent to Defendant's land and immediately to the south of County Line is owned by the Plaintiff SLT and is known as 85 Warren Street.

61. By deed dated December 8, 2020 the Plaintiff SLT received a gift of title to the vacant land known as 85 Warren Street, in the Town of Somers, County of Westchester and State of New York, which deed was recorded on February 23, 2021 in the office of the Westchester County Clerk, Division of Land Records, at Control No. 610543224. No records have ever been field by or on behalf of the Plaintiff SLT purporting to convey an interest in property located in Putnam County.

62. During the entire period from March 1, 1955 until the present, the Defendant has been under the impression that the lands which are the subject of this action were part and parcel of 551 Union Valley Road which was conveyed to it in its sole possession on March 1, 1955.

63. The Defendant has been in actual possession of the adversely claimed premises under claim of title, has held the same exclusively and has been in hostile, open, notorious and actual possession of same continuously for more than ten

years prior to the commencement of this action and such possession continues to the present time.

64. Defendant has had exclusive possession and control of the premises adversely claimed and has always held same out as its own premises and has used the same a part of its shooting ranges.

65. The Defendant has exclusively and completely used the said area for a period of well over ten years under their complete control, hostile to any claim of right of anyone else, and same has continued for more than ten years.

66. Upon information and belief, the Plaintiff SLT unjustly claims or it appears from the public records that it may claim some estate or interest in the adversely claimed premises.

67. There are no persons not in being or ascertained at the commencement of this action who by any contingency contained in a devise or grant otherwise could afterwards become entitled to a beneficial estate or interest in the property involved in this action, and every person in being who would have been entitled to such estate or interest if such event had happened immediately before the commencement of this action is made a party hereto.

68. No personal claim is being made herein against any Plaintiff other than a Plaintiff who shall assert a claim adverse to the claim of the Defendant as set forth in this answer.

69. The Defendant has no adequate remedy at law.

**AS AND FOR A SECOND
COUNTERCLAIM**
(Quiet Title)

70. Defendant repeats and realleges each and every allegation as set forth in paragraphs designated "49" through "62" above as if fully set forth at length herein.

71. By virtue of the foregoing and the Historical Records and the location of the County Line and the deeds in the Defendants chain of title, the Defendant now owns and possesses good and valid title to the land north of the County Line adjacent to 85 Warren Street, superior to any claim of any of the Plaintiff herein.

72. The claims, if any, by the Plaintiffs constitute a cloud on the defendants' title.

**IN THE ALTERNATIVE,
AS AND FOR A THIRD
COUNTERCLAIM**
(Prescriptive Easement)

73. Defendant repeats and realleges each and every allegation as set forth in paragraphs designated "49" through "72" above as if fully set forth at length herein.

74. In the alternative, in the event that this court determines that the Defendant did not have exclusive possession and control of the premises for the requisite ten year period for all or some part of the contested portion of land north of the County Line, then the Defendant did have actual, open and notorious use of the portion of where the shot from Defendant's trap and five stand fields falls, for purposes of a shot fall easement, which use was hostile to the title, if any, of the Plaintiff for a continuous

period of more than ten years prior to the commencement of this action, and which use continues to this day.

75. For a period of more than ten years prior to the commencement of this action, the Defendant has been in continual, uninterrupted occupation and possession of the shot fall area described above

76. During that entire period, the Defendant has been under the impression that the shot fall area was conveyed to them in their sole possession on March 1, 1955.

77. The Defendant has been in actual possession of the said shot fall area under claim of title, has held the same exclusively and have been in hostile, open, notorious and actual possession of same continuously for more than then years prior to the commencement of this action and such possession continues to the present time.

78. The Defendant had exclusive possession and control of the shot fall area and have always held same out as its own premises.

79. The Defendant exclusively and completely used the shot fall area for a period of well over ten years under their complete control, hostile to any claim of right of anyone else, and same has continued for more than ten years.

80. Upon information and belief, the Plaintiff SLT, unjustly claim or it appears from the public records that they may claim some estate or interest in the shot fall area.

81. There are no persons not in being or ascertained at the commencement of this action who by any contingency contained in a devise or grant

otherwise could afterwards become entitled to a beneficial estate or interest in the property involved in this action, and every person in being who would have been entitled to such estate or interest if such event had happened immediately before the commencement of this action is made a party hereto.

82.  No personal claim is being made herein against any Plaintiff other than a Plaintiff who shall assert a claim adverse to the claim of the Defendant as set forth in this answer.

84.  The plaintiffs have no adequate remedy at law.

## JURY DEMAND

77.  The Defendant hereby demands a trial by jury herein.

WHEREFORE, the Defendant demands judgment against the Plaintiffs as follows:

1.  Dismissing the complaint in all respects together with the costs and disbursements of this action;

2.  On the first and second counterclaims against the Plaintiff SLT and all persons claiming under it as follows:

(a)  that they be forever barred from any and all claims to an estate or interest in the real property known adjacent to 85 Warren Street north of the County Line;

(b)  that it be adjudged and finally determined that the Defendant is the lawful owner and invested with an absolute title in fee simple to the property known as 551 Union Valley Road, Mahopac, New York extending all the way to the County Line

and ownership thereof be awarded to the Defendant and Defendant remain in possession thereof;

   (c) that the said Plaintiffs be enjoined from interfering with the Defendant's use, possession and occupancy of said property;

   (d) that the Defendant recover their costs, disbursements and allowances against the Plaintiffs answering this counterclaim; and

   (f) that the court grant the Defendant such other and further relief as may seem just and proper;

   3. In the alternative, on the third counterclaim against the Plaintiff SLT and all persons claiming under it as follows:

   (a) that if it be adjudged and finally determined that the Plaintiff SLT, is the lawful owner and invested with an absolute title in fee simple any portion of the real property where shot has been deposited by the Defendant, then it should be further adjudged and finally determined that the Defendant has the right to continue using the said real property for purposes of a shot fall easement;

   (b) that the said Plaintiffs be enjoined from interfering with the Defendant's use of the shot fall easement;

   (c) that Defendant recover its costs, disbursements and allowances against the Plaintiffs answering this action; and

   (d) that the court grant the Defendant such other and further relief as may seem just and proper; and

   4. Granting the Defendant such other, further and different relief as may be just and proper.

Dated: January 13, 2026

                *George J Calcagnini*
                GEORGE J. CALCAGNINI
                Attorney for Defendant (GC 9139)
                Office and P.O. Address
                376 Route 202
                Somers, New York  10589
                (914) 277-2255
                GCalcagnin@aol.com

To: TODD D. OMMEN
   Attorney for Plaintiffs
   Pace Environmental Litigation Clinic
   78 N. Broadway
   White Plains, NY  10603

   DREW VICTORIA GAMILS
   Attorneys for Plaintiff
   RIVERKEEPER, INC.
   20 Secor Road
   Ossining, NY  10562