UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

SOMERS LAND TRUST, INC., and
RIVERKEEPER, INC.,

                       Plaintiffs,          **DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

   -against-

WILLOW WOOD COUNRY CLUB,

                       Defendant          Docket No. 25-cv-9879

-----------------------------------------------------------------------

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Defendant by its attorney, George J. Calcagnini, Esq., hereby requests that the Plaintiffs produce and permit Defendant to inspect and copy all documents designated below that are in the Plaintiffs' possession, custody or control. The requested documents are to be made available for inspection and copying no later than thirty (30) days from the date of this Request at the law offices of George J. Calcagnini, Esq., 376 Route 202, Somers, New York 10589.

## GENERAL INSTRUCTIONS

1. The terms used herein shall have the meanings as defined in Local Rule 26.3

2. Plaintiffs shall designate on each document produced the specified paragraph(s) to which it is responsive. Defendant shall produce each document in its original file folder and identify the file from which the document came.

3. In the event that any document called for has been destroyed, discarded or otherwise disposed of, defendant shall indicate in writing, with respect to

the document:  (a) the author and the position or title of the author; (b) the addressee and the position or title of the addressee; (c) the indicated or blind copies; (d) the date; (e) the subject matter; (f) the number of pages; (g) the attachments or appendices; (h) all persons to whom distributed, shown or explained; (i) the date of destruction or disposal; (j) the reason for destruction or disposal; and  (k) the person who destroyed or disposed of the document.

   4. The following document requests are to be considered as continuing and you are requested to provide, by way of supplementary answers thereto, such additional information as you, your agents, or any person acting on your behalf, may obtain hereafter, which will supplement or otherwise modify your answers to these requests.  Such supplemental responses are to be served upon counsel for plaintiff within ten (10) days after receipt of such documents or information.

## **CLAIMS OF PRIVILEGE**

   Where a claim of privilege is asserted in objecting to any Document Request, or sub-part thereof, and a response is not provided on the basis of such assertion,

   (i)  defendant, or the attorney asserting the privilege, shall, in the objection of the Document Request, or sub-part thereof, identify the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

   (ii)  the following information shall also be provided in the objection:  (1) the type of document; (2) the general subject matter of the document; (3)  the date of

the document; and (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

## DOCUMENT REQUESTS

1. All documents relating to the acquisition of title by the Plaintiff SOMERS LAND TRUST, INC., (hereinafter referred to as "SLT") to the property at 85 Warren Street, Somers, New York, including but not limited to:

    (a) Any agreement, pledge or contract;

    (b) Deed;

    (c) Transfer Tax Return;

    (d) Any environmental reports or property condition disclosure forms provided by or on behalf of the grantor;

    (e) Any reports, studies, notes of site visits or memoranda prepared as part of Plaintiff SLT's due diligence in acquiring title to the property;

    (f) Surveys, subdivision plats and site plans; and

    (g) All appraisal reports or valuation reports concerning the property.

2. All maps, charts, satellite photographs, aerial photographs, drone photographs and drawings showing all or any portion of the alleged continuous surface connection from the wetlands at Willow Wood Gun Club to a navigable body of water.

3. All reports of testing of any drinking water supplies on or within 10 miles of 85 Warren Street. Somers, New York, specifically including but not limited to

the presence of lead in the water, taken at any time during the five year period prior to the commencement of this action up to and including the present.

4. All reports of testing for lead in the following waterways taken at any time during the five year period prior to the commencement of this action up to and including the present:

    (a) Browns Brook;

    (b) the Muscoot Reservoir;

    (c) the New Croton Reservoir;

    (d) the Croton River; and/or

    (e) the Hudson River.

5. The certificate of incorporation and bylaws of the Plaintiff SLT.

6. All records of the site visits by members of the Plaintiffs, their officers, directors, agents, employees or representatives, to the property at 85 Warren Street or any properties adjacent thereto, to inspect the state of the property or to maintain and/or survey the land as alleged in paragraph 18 of the complaint herein.

7 The ammunition found discarded on May 6, 2023 in various parts of SLT these land as referred to in paragraph 20 of the complaint herein.

8. Duplicate color originals of the photographs referred to in paragraph 21 of the complaint herein.

9. The soil and water samples referred to in paragraph 21 of the complaint herein.

10. With respect to the tests referred to in paragraph 21 of the complaint herein, you are required to produce the following:

    (a) All chain of custody documents for the samples tested;

    (b) The certifications and/or licenses showing that the persons who took the samples were trained to do so in accordance with accepted forensic procedures;

    (c) Photographs of the vessels containing the water and soil samples;

    (d) The test results and reports on the testing of said water and soil samples; and

    (e) The GPS coordinates and photograph showing where each sample was taken from.

11. All documents supporting or negating the allegations in paragraph 22 of the complaint that there are lead deposits in the "local watershed".

12. All records of the site visits by the Plaintiffs, their officers, directors, agents, employees or representatives, during the six month period referred to in paragraph 23 of the complaint herein and continuing to the present, including:

    (a) Reports, notes or memoranda pertaining to observations during the visit;

    (b) Photographs and or videos taken during the site visit;

    (c) The spent ammunition found on and around the property; and

    (d) The GPS coordinates of where the spent ammunition was observed.

13. All documents referring to the recreational activities being conducted by the Plaintiffs on the property known as 85 Warren Street, specifically including documents mentioning:

    (a) A description of the recreational activity;

    (b) the dates of the recreational activities;

    (c) how the alleged presence of lead interfered with the recreational use of the property.

14. All photographs, satellite photographs, drone photographs, aerial photographs, films, videos or other digital recordings of the following:

    (a) The property owned by the Plaintiff SLT known as 85 Warren Street or any portion thereof;

    (b) The Defendant's property known as 551 Union Valley Road, or any portion thereof.

15. All notes, reports and memorandum prepared by employees or representatives of Plaintiffs or either of them concerning the investigation of Defendant's operations.

16. All documents that reflect, relate or refer to any conversations or communications between Plaintiffs, their officers, directors, employees, agents or representatives and any current or former member, employee, officer, director of Defendant concerning any of the issues or allegation here.

17. All statements to their members and/or press releases made by or on behalf of the Plaintiffs or either of them, whether in writing or electronically recorded, concerning the issues in this litigation.

18. All reports, letters or emails rendered by any experts who have been contacted or retained by or on behalf of Plaintiffs or either of them for this litigation.

19. With respect to each such expert, you are also required to produce the expert's resume' or curriculum vitae (c.v.), the fee agreement with said expert and copies of all books, articles, outlines of seminars, recordings of the seminars, on topics related to the issues in this litigation.

20. All factual materials or assumptions of fact furnished by Plaintiffs or either of them to any experts who have been contacted or retained by or on behalf of Plaintiffs or either of them for this litigation.

21. All documents showing when the lead and/or lead shot at issue in this litigation was deposited onto the property to the Plaintiff SLT at 85 Warren Street.

22. Any other relevant documents, including e-mails and correspondence in the possession or control of Plaintiffs or either of them which has not specifically been identified above, but which relates to or may lead to the discovery of relevant evidence, concerning the allegations in Plaintiffs' Complaint, Defendant's Answer, including affirmative defenses, and/or the subject matter of this action.

23. All notes, reports, memoranda, letters, e-mails, faxes, or other correspondence concerning the investigation by or on behalf of the Plaintiffs or either of them into the alleged lead pollution as alleged in the complaint.

24. All letters, reports or complaints sent by Plaintiffs or either of them to any other persons owning property or operating businesses near to 85 Warren St. Somers, NY, complaining of environmental pollution, including but not limited to any person or entity operating a golf course or waste treatment plant serving the Heritage

Hills community or a portion thereof.

25. Any documents in the possession of or under the control of the Plaintiffs or either or them bearing on exactly where is the location of the line dividing Putnam County and Westchester County.

26. Photographs of the area where Plaintiffs allege that water from the Defendant's property empties into the Muscoot Reservoir and/or the New Croton Reservoir, together with any water test results or reports for lead from water samples taken from those areas.

27. Photographs of the area where Plaintiffs allege that water from the New Croton Reservoir flows into the Croton River, together with any water test results or reports for lead from water samples taken from that area.

Dated: February 13, 2026

*/s/ George J. Calcagnini*
GEORGE J. CALCAGNINI
Attorney for Plaintiff
Office & Post Office Address
376 Route 202
Somers, New York 10589
(914) 277-2255
GCalcagnin@aol.com

TO: TODD D. OMMEN
    PACE ENVIRONMENTAL LITIGATION CLINIC
    Attorney for Plaintiffs
    78 N. Broadway
    White Plains, NY  10603

    DREW VICTORIA GAMILS
    Attorneys for Plaintiff
    RIVERKEEPER, INC.
    20 Secor Road
    Ossining, NY  10562