GEORGE J. CALCAGNINI
ATTORNEY AT LAW
(914) 277-2255
(914) 424-1915
(828) 435-3068

100 South Bedford Road
Suite 337
Mount Kisco, NY 10549
Admitted in NY & NC

100 E Chadwick Square Court
Hendersonville, NC 28739
GCalcagnin@aol.com

November 25, 2026

Magistrate Judge Judith C. McCarthy
US District Court SDNY
300 Quaropas Street
White Plains, NY 10601

Re: Somers Land Trust, Inc. v. Willow Wood Country Club
Case No. 7:25-cv-09879-NSR-JCM

Dear Magistrate Judge McCarthy:

I am writing to request a pre-motion conference with respect to my intention to filed a motion to extend the Defendant's time to further amend its answer herein and for permission to serve a second amended answer to include additional affirmative defenses asserting that that citizen suits under the Clean Water Act and the Resource Conservation and Recovery Act (RCRA) are unconstitutional based on the following provisions of the United States Constitution:

1. Appointments Clause (Article II, Section 2, clause 2);
2. Vesting Clause (Article II, Section 1, clause 1), and
3. Take Care Clause (Article II, Section 3).

Pursuant to FRCP Rule 15(a)(2), leave to amend should be freely given when justice so requires. Recent developments in the law pertaining to qui tam cases have cast doubt on the constitutionality of citizens being authorized to exercise the powers of the federal government to impose civil fines and penalties. For example, in a recent federal Case out of Florida, the lower court ruled that plaintiffs in civil cases were officers of the United States requiring appointment under the appointments clause because:

1. They exercise significant authority to initiate and prosecute enforcement actions on behalf of the federal government; and

2. The position of relator is a continuous position.

See *United States ex rel. Zafirov v. Florida Medical Associates, LLC*, 751 F. Supp. 3d 1293 (M.D. Florida 2024), citing *United States v. Donziger*, 38 F. 4th 290 (2d Cir. 2021) for the fact that a relator satisfies the three-prong test to qualify the "officer" as holding a "continuous position".

The Eleventh Circuit expressly rejected the Second Circuit test set forth in *Donziger* as to what constitutes a "continuous position" and solely based thereon reversed the lower court ruling that qui tam suits violated the appointments clause and remanded for further proceedings with respect to the vesting and take care clauses. The Eleventh Circuit did not address the fact that private citizens seeking to impose crippling fines on defendants satisfies the first prong of being an "officer of the United States" for purposes of Article II. In our case the Second Circuit test set forth in *Donziger* is binding, thereby satisfying both prongs of the test that the Plaintiffs in our case are acting in violation of the appointments clause, etc.

I also wish to point out that three justices of the US Supreme Court have questioned the constitutionality of citizen suits under the appointments clause. Specifically, Justice Thomas has stated that:

> There are substantial arguments that the qui tam device is inconsistent with Article II and that private relators may not represent the interests of the United States in litigation.

*United States ex rel. Polansky v. Executive Health Resources, Inc.*, 143 S. Ct. 1729, Dissenting opinion by Justice Thomas at 1741.

Justices Kavanaugh and Barret joined in that statement and added that:

> In my view, the Court should consider the competing arguments on the Article II issue in in an appropriate case.

*Id* at 1737. The present case is the appropriate case to decide this important issue of whether or not citizen suits, such as the present action, unconstitutionally infringe on the power of the executive branch to enforce the laws. Accordingly, I hereby request permission to serve a second amended answer raising the above mentioned additional affirmative defenses. The Plaintiffs have refused to consent to the said amendment.

Permission of the court is required to further amend the answer because the Plaintiffs refused to consent to the amendment and the Scheduling Order dated January 29, 2026 required the amendment of any pleadings to be served by March 2, 2026. (See Document #13 on the Docket). The Defendant's answer was originally filed

on January 7, 2026. (See Document #9 on the Docket). It was subsequently amended by the amended answer with counterclaims filed on February 13, 2026. (See Document #17 on the Docket). It is that pleading which Defendant proposes to amend with the additional affirmative defenses.

No prejudice will occur to the Plaintiffs by permitting the additional affirmative defenses. These are strictly issues of law that will not require any additional discovery. For a determination as to the merit of the affirmative defenses the only relevant considerations are whether the complaint asserts citizen suits under the Clean Water Act and RCRA and whether or not such claims are barred by the Appointments Clause, the Vesting Clause and/or the Take Care Clause of the U.S. Constitution. The reason that these affirmative defenses were not previously raised prior to the March 2, 2026 date set forth in the scheduling order is quite frankly because I was not aware of the line of cases raising the issue in the context of qui tam cases. I only became aware of the issue unrelated to research on the present case. I then made the connection of the applicability of the Appointments Clause defenses to the Clean Water citizen suits. I have acted promptly and in good faith once I realized that the Appointments Clause should bar these citizen suits by Plaintiffs seeking massive fines as "officers of the United States" under the Clean Water Act and RCRA because the Plaintiffs were never appointed by the President as required by Article II of the U.S. Constitution.

Please advise as to whether or not a pre-motion conference will be granted pursuant to this request.

Yours truly,

George J. Calcagnini

GEORGE J. CALCAGNINI

Via e-filing only

cc: Todd Omen, Esq.
Mr. Nicholas Mammel
Drew Gamils, Esq.
Via e-filing only

Martha Dean, Esq.
Via e-mail